UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                             CRIMINAL ACTION NO. 5:18-cr-00044

DILLON JACKSON

**MEMORANDUM OPINION AND ORDER**

On June 3, 2022, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision. [Doc. 50]. The Court revoked Mr. Jackson's supervised release, sentencing him to a term of incarceration of six (6) months followed by a supervised release term of twenty-one (21) months [Doc. 62]. The twenty-one (21) month period of supervised release reflects the maximum supervised release period authorized by statute, minus the six (6) months incarceration previously served following his first revocation. [Doc. 46].

**I.**

Dillon Jackson was convicted under 18 U.S.C. §§ 922(u) and 924(i)(1) for Stealing Firearms from a Licensed Dealer [Doc. 23]. The offense of conviction is a Class C felony pursuant to 18 U.S.C. § 3559(a)(3) inasmuch as it prescribes a ten (10) year maximum penalty. Title 18 U.S.C. § 3583(b)(2) thus authorizes "not more than three years" of supervised release following a period of incarceration. On August 22, 2018, Mr. Jackson was sentenced to a period of thirty-six (36) months incarceration followed by the maximum thirty-six (36) months of supervised release [Doc. 28]. He began serving his term of supervised release on October 2, 2020. [Doc. 34].

On February 9, 2021, Mr. Jackson's probation officer filed a *Petition for Warrant or Summons for Offender Under Supervision* against him. [Doc. 34]. On March 18, 2021, the Court found by a preponderance of the evidence that Mr. Jackson violated the conditions of his supervised release and subsequently revoked his term of supervised release, sentencing him to a period of six (6) months incarceration followed by eighteen (18) months of supervised release with the special condition that he participate in a 28-day program for substance abuse treatment. [Doc. 46]. On September 20, 2021, the Court modified the supervised release conditions to require participation in and completion of the residential substance abuse treatment program at Frontline Recovery [Doc. 49]. Mr. Jackson began serving his 18-month term of supervised release on August 19, 2021. [Doc. 50].

As noted, the Court has revoked Mr. Jackson's supervised release for a second time. [Doc. 62]. In calculating Mr. Jackson's sentence at his second revocation hearing, the Court inquired of counsel whether the first revocation sentence of (6) months incarceration should be deducted from the maximum period of supervised release Mr. Jackson could receive on the second revocation. The Government and Mr. Jackson both contended that the six (6) months of incarceration Mr. Jackson served for his first revocation should be deducted from the maximum term of supervised release he may receive on the instant revocation.

## II.

In *United States v. Maxwell*, 285 F.3d 336 (4th Cir. 2002), our Court of Appeals concluded that under 18 U.S.C. § 3853(h), district courts are required to deduct the incarceration portion of a revocation sentence from any terms of supervised release imposed for subsequent revocations. *Id.* at 338. The defendant in *Maxwell* emphasized the approaches of the Courts of

Appeals for the Second, Seventh, and Eighth Circuits in asserting that the § 3583(h) phrase "less any term of imprisonment that was imposed upon revocation" required the lower court to deduct his time served in custody from his second revocation supervised release term. *Id.* at 340 (citing 18 U.S.C. § 3853(h)). The Court of Appeals concluded his contention was further aided by the clarity of the statutory text and ordinary usage:

> Here, the word "any" in the phrase "less any term of imprisonment that was imposed upon revocation of supervised release," § 3583(h) (emphasis added), is obviously used as a function word to indicate the maximum or whole of a number or quantity just as the word "any" is used in the dictionary examples quoted above. In sum, we hold the plain meaning of the phrase "less any term of imprisonment that was imposed upon revocation of supervised release" in § 3583(h) is that the prison term in the current revocation sentence, together with all prison time imposed under any prior revocation sentence or sentences, must be aggregated.

*Maxwell*, 285 F.3d at 341.

### III.

As noted, Mr. Jackson's original offense was a Class C felony, and the maximum term of supervised release authorized by statute is three years. 18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2). Upon revocation, the Court may impose a term of supervised release of three years, "less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). Mr. Jackson was sentenced to six months incarceration on his first revocation and six months incarceration on the second revocation. Subtracting this twelve-month period of incarceration from the maximum term of supervised release under the statute, the maximum term of supervised release the Court may impose on the second revocation is twenty-four months.

Mr. Jackson's revocation sentence of six months incarceration followed by a period of twenty-one months supervised release is thus authorized by 18 U.S.C. § 3583(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to

the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 28, 2022

Frank W. Volk
United States District Judge